IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

JUSTIN C. QUANRUDE, )
         Plaintiff, )
vs. ) No. 10-1013 EJM
 )
MICHAEL J. ASTRUE, ) ORDER
COMMISSIONER OF SOCIAL )
SECURITY, )
 )
 )
        Defendant. )

Plaintiff brings this action seeking judicial review of the Commissioner's denial of his application for social security disability benefits and supplemental security income. Briefing concluded on November 29, 2010. The court has jurisdiction pursuant to 42 USC §405(g). Affirmed.

Claiming an onset date of April 9, 2005, plaintiff alleges disability due to impairments including gastroesophagal reflux disease (GERD), restless leg syndrome, obesity, obstructive sleep apnea, asthma, carpal tunnel syndrome, rotator cuff tears, and moderate restrictive ventilatory defect. He asserts that the Administrative Law Judge (ALJ) erred in failing to give adequate weight to the opinions of treating medical provider Nurse Practitioner Leschensky with regard to the severity and functional effects of his impairments, failed to properly evaluate his subjective allegations, and erred in relying upon a vocational expert's response to an improper hypothetical question. Accordingly, he asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The

> court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992) (internal citations omitted).

The ALJ found plaintiff's severe impairments included GERD, hypertension, restless leg syndrome, obesity, obstructive sleep apnea, asthma, carpal tunnel syndrome, rotator cuff tears, and moderate restrictive ventilatory defect, but found that plaintiff had the residual functional capacity to perform substantial gainful activity.

As noted above, plaintiff asserts that the ALJ failed to give sufficient weight to the views of Nurse Practitioner Leschensky. Plaintiff urges that while she is not an "acceptable medical source" for the purposes of 20 CFR §404.1513(a), her views are not offered for the purpose of diagnosing medically determinable impairments, but rather are offered as evidence from "other medical sources" of the severity and functional effects of symptoms, for which they may properly be considered. Shontos v. Barnhart, 328 F3d 418, 426 (8th Cir. 2003).

Upon review, it is the court's view that the ALJ properly considered Nurse Practitioner Leschensky's views as to plaintiff's functional limitations, and permissibly relied upon Ms. Leschensky's observations as to plaintiff's failure to complete physical and pulmonary therapy, as well as her observations as to plaintiff's sporadically/inconsistently taking medications limiting their effectiveness, and her observations as to plaintiff's inconsistent compliance with treatment recommendations, follow-through, and follow-up. T. 16, 454. As to plaintiff's subjective allegations, in finding plaintiff's subjective allegations to be not fully credible, the ALJ permissibly considered factors set forth in his decision including medical evidence, plaintiff's medical

improvement when compliant with treatment, noncompliance with treatment recommendations, work history, and again, Ms. Leschensky's views noted above. T. 14-16. The ALJ properly included those limitations found credible in his question posed to the vocational expert, and permissibly relied upon the vocational expert testimony.

Without minimizing the seriousness of plaintiff's condition, it is the court's view that substantial evidence on the record as a whole supports the Commissioner's decision.

It is therefore

ORDERED

Affimed.

March 31, 2011.

                                        Edward J. McManus, Judge
                                        UNITED STATES DISTRICT COURT